# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FAUSTO HURTADO-CANDELO,

    Petitioner,

v.                                                                            Case No. 8:22-cv-519-WFJ-JSS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Fausto Hurtado-Candelo's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1).[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkt. 4). Upon careful review, the Court denies Petitioner's Motion.

## BACKGROUND

On September 4, 2019, the United States Coast Guard intercepted a self-propelled semi-submersible carrying four drug smugglers, including Petitioner, and an estimated 5,000 to 8,000 kilograms of cocaine. Cr. Dkt. S-178 at 5–6. The Coast Guard subsequently brought Petitioner to the Middle District of Florida, where a

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:19-cr-404-WFJ-JSS-2, will be denoted as "Cr. Dkt. [document number]."

federal grand jury returned a two-count indictment against him. *Id.* at 4. Count One charged Petitioner with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine. Cr. Dkt. 1 at 1. Count Two charged Petitioner with aiding and abetting his co-defendants in possessing with intent to distribute five kilograms or more of cocaine. *Id.* at 2.

Petitioner pleaded guilty to Count One on August 20, 2020. Cr. Dkt. 89 at 1. As part of his plea agreement, Petitioner stipulated to the following facts:

> On or about September 5, 2019, the U.S. Coast Guard ("USCG") intercepted a semi-submersible platform ("SPSS") in international waters approximately 140 nautical miles west of Tumaco, Colombia. A maritime patrol aircraft ("MPA") initially had observed the SPSS and had the Coast Guard cutter ("CGC") Valiant sent out to intercept the vessel. The USCG received authorization and launched two over-the-horizon vessels ("OTH"), which located the SPSS and conducted the ROV boarding. The USCG did not have to use any force during the interdiction. As the boarding team approached, it observed four individuals onboard.
> Upon arrival, Enrique Mantilla-Olaya claimed to be the master, and he claimed Colombian nationality for himself. The vessel had no physical indicia of nationality, nor did Mantilla-Olaya or anyone claim nationality for the vessel.
> The USCG authorized the OTH boarding team to conduct a minimally intrusive search by boring holes in the bulkhead, which blocked unaccountable space. The boarding team conducted a drilling of the SPSS, and during the drilling of the bulkhead, the boarding team found a white, powdery substance on the tip of the drill bit. The Coast Guard boarding team conducted two field tests, which resulted positive for the presence of cocaine. The Coast Guard authorized the boarding team to conduct a destructive search of the SPSS. The boarding team observed contraband stacked three bales high, six bales wide, going back approximately 25 feet in length, weighing an estimated 5,000–8,000 kgs. They proceeded to remove approximately 500 kgs, before it

> was deemed unsafe to remove any further contraband from the vessel. In total, team members seized approximately 500 kgs from the vessel.
> On board the SPSS were four mariners, Enrique Mantilla-Olaya, Fausto Hurtado-Candelo, Wiber Tenorio-Rodriguez, and Fernando Tribino-Mina. All crewmembers were Colombian nationals.

*Id.* at 20–22. Petitioner also agreed to a sentence appeal waiver. *Id.* at 17.

After a change-of-plea hearing, the Court accepted Petitioner's plea agreement. Cr. Dkt. 92. The Court ultimately sentenced Petitioner to 135 months of imprisonment with 60 months of supervised release. Cr. Dkt. 195.

Notwithstanding the aforementioned sentence appeal waiver, Petitioner timely appealed his sentence to the Eleventh Circuit Court of Appeals. The Eleventh Circuit dismissed Petitioner's appeal without addressing the merits, finding "no doubt" that Petitioner's "sentence appeal waiver was knowing and voluntary[,]" and that "[a] clearer application of a sentence appeal waiver is hard to imagine." *United States v. Hurtado-Candelo*, No. 21-12809, 2022 WL 1122866, at *4 (11th Cir. Apr. 15, 2022). Petitioner has not sought a petition for writ of certiorari.

Petitioner timely filed the instant Motion on February 27, 2022. Civ. Dkt. 1 at 13. Therein, Petitioner asserts two claims for ineffective assistance of counsel: 1) his attorney failed to gather certain evidence; and 2) his attorney failed to request a minor role reduction during sentencing. *Id.* at 4–5. Petitioner requests an evidentiary hearing on these matters as well as a diminished term of incarceration (5 years). *Id.* at 13.

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

## DISCUSSION

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

To establish deficient assistance under *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The test is not "what the best lawyers" or "what most

good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Rather, the question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.*

To establish resulting prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

Petitioner asserts two grounds for ineffective assistance of counsel. The Court will address each before turning to consider entitlement to an evidentiary hearing and appealability.

## I. Ground One

Petitioner first argues that he is entitled to relief for ineffective assistance of counsel because his attorney failed to gather evidence concerning: (1) the location of seizure (Petitioner contends that the drug smuggling vessel was inside Colombia's territorial waters); (2) the amount of cocaine found onboard the vessel; and (3) Petitioner's participation in the smuggling operation. Civ. Dkt. 1 at 4. The Court disagrees.

As an initial matter, to the extent that Petitioner's claim can be construed as a challenge to pre-plea effectiveness of counsel, Petitioner's claim is waived. "[A] defendant who enters a plea of guilty waives all [non-jurisdictional] challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (citing *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). Here, "[Petitioner's] claim of ineffective assistance is not about his decision to plead guilty." *Id.* Even it was, however, Petitioner could not prevail. Ample evidence in the record demonstrates that Petitioner knowingly and voluntarily entered into his plea agreement. *See* Cr. Dkt. 219 at 39–40. The Eleventh Circuit reached the same conclusion on direct appeal. *Hurtado-Candelo*, 2022 WL 1122866, at *4 (recounting that, "[a]t his change-of-plea hearing, the magistrate judge ascertained [Petitioner's] competency, confirmed that he had reviewed his plea agreement with his attorney, and explicitly questioned him in detail about his sentence appeal waiver."). Accordingly, Petitioner is precluded from challenging pre-plea effectiveness of counsel on failure to investigate grounds.[2]

---

[2] Interpreting Petitioner's sub-claim concerning the location of embarkment as an indirect jurisdictional challenge does not change the Court's analysis. Jurisdictional issues "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504. "It is fundamental that parties may not stipulate to federal jurisdiction[;]" however, parties may "stipulate to facts that bear on [the court's] jurisdiction." *United States v. Iguaran*, 821 F.3d 1335, 1337 (11th Cir. 2016) (quotations omitted). "A court's task is to determine whether the stipulated facts give rise to jurisdiction." *Id.* (quotations omitted). Here, Petitioner knowingly and voluntarily stipulated to facts that gave rise to jurisdiction in his plea agreement. *See* Cr. Dkt. 89 at 20–22. Specifically,

6

To the extent that Petitioner's first claim can be construed as a challenge to post-plea effectiveness of counsel, Petitioner's claim fairs no better. Petitioner repeatedly stipulated to the location of the seizure and to the amount of cocaine found on the vessel. *See* Cr. Dkt. 89 at 20–22; Cr. Dkt. 219 at 36–37; Cr. Dkt. 217 at 6. There is no basis, moreover, for Petitioner's claim that his counsel "failed to even get evidence" concerning his participation in the drug smuggling operation. In fact, during Petitioner's sentencing, Petitioner's attorney called a Drug Enforcement Administration case agent as a witness and elicited testimony from him regarding the roles that Petitioner and Petitioner's co-defendants played on the vessel. Cr. Dkt. 217 at 22–36. The record simply fails to support Petitioner's position.

Finally, "a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (citation and internal quotations omitted). Petitioner has not come close to meeting this burden with respect to any of the matters Petitioner's attorney allegedly failed to investigate, including the matters Petitioner repeatedly stipulated to. Indeed,

---

Petitioner stipulated that, "On or about September 5, 2019, the U.S. Coast Guard ("USCG") intercepted a semi-submersible platform ("SPSS") [carrying Petitioner and cocaine] in international waters approximately 140 nautical miles west of Tumaco, Colombia." *Id.* at 20. Moreover, Petitioner cannot claim that his attorney's performance fell below an objective standard of reasonableness for failing to gather additional evidence concerning a fact that he repeatedly stipulated to. Nor can he demonstrate resulting prejudice.

7

Petitioner has failed to put forth any reason to believe that he was prejudiced by his attorney's investigative performance. Petitioner is entitled to no relief on his first ineffective assistance claim. *See Maharaj*, 432 F.3d at 1319 (finding that, if the petitioner fails to establish either of the *Strickland* prongs, his claim fails).

## II.     Ground Two

Petitioner next argues that he is entitled to relief for ineffective assistance of counsel because his attorney failed to request a minor role reduction at sentencing. Civ. Dkt. 1 at 5.

The factual basis underlying this claim is false. Petitioner's attorney requested a minor role reduction on at least three occasions. First, prior to sentencing, Petitioner's attorney filed a sentencing memorandum that specifically requested "minor role and related reductions" in the "applicable sentencing guidelines" contained within Petitioner's Presentence Investigation Report. Cr. Dkt. 187 at 1. Second, during sentencing, Petitioner's attorney argued at length for a minor role reduction. *See generally* Cr. Dkt. 217. Third, after sentencing (and notwithstanding the sentence appeal waiver in Petitioner's plea agreement), Petitioner's attorney filed a direct appeal to the Eleventh Circuit challenging the Court's refusal to apply a minor role reduction in Petitioner's sentencing. *See Hurtado-Candelo*, 2022 WL 1122866, at *4. Petitioner's attorney therefore not only requested a minor role reduction—she zealously advocated for one. Petitioner cannot claim otherwise

merely because he did not receive what his attorney requested. Petitioner is entitled to no relief.

### III. Evidentiary Hearing

Given the forgoing discussion, Petitioner is not entitled to an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations and citations omitted). Hence, to demonstrate entitlement to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege "facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

Here, Petitioner's claims are either affirmatively contradicted by the record or patently frivolous. It is abundantly clear that Petitioner is not entitled to relief. His attorney's performance was neither deficient nor prejudicial. As a result, summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a § 2255 motion may make an

order for its summary dismissal [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

### IV. Certificate of Appealability ("COA")

Petitioner is similarly not entitled to a certificate of appealability. A petitioner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on March 27, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record